UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS                                                           No. 14-237

RONNIE P VEDROS                                              SECTION I

ORDER & REASONS

Before the Court is defendant Ronnie P. Vedros's ("Vedros") motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(a). Because Vedros has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

I.

On December 4, 2014, Vedros pled guilty to a one-count bill of information charging him with mail fraud, in violation of 18 U.S.C. § 1341.[2] On April 30, 2015, this Court sentenced Vedros to a term of imprisonment of 41 months and a three-year term of supervised release.[3] The Court also imposed a $100.00 special assessment and ordered that Vedros pay $30,173.56 in restitution.[4] On October 9, 2019, Vedros's supervised release was revoked, and the Court sentenced him to an 18-month term of imprisonment.[5] Currently incarcerated at FCI Oakdale, Vedros has a projected release date of January 23, 2021.

---

[1] R. Doc. No. 56.
[2] R. Doc. Nos. 15 & 1.
[3] R. Doc. No. 35.
[4] *Id.* at 5.
[5] R. Doc. No. 55.

1

Vedros argues that the Court should grant his request for compassionate release due to the risk of contracting COVID-19 while incarcerated.[6] He asserts that he has pre-existing health conditions of asthma, chronic bronchitis, and hypertension, as well as liver, kidney, and lung problems.[7] Vedros also contends that he submitted a request for compassionate release to the warden of FCI Oakdale on March 19, 2020, and that he has not received a response as of April 22, 2020.[8]

The government opposes Vedros's motion, and it has provided evidence in contravention of Vedros's contentions.[9] As stated in an email from a supervisory attorney for the Bureau of Prisons ("BOP"), FCI Oakdale has no record of a compassionate release request by Vedros to the warden.[10] In addition, Vedros's medical records show that although he does have benign essential hypertension and he is being treated for the same, he does not have a history of asthma, bronchitis, or problems with his liver, kidney, or lungs.[11]

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling

---

[6] *See* R. Doc. No. 56, at 2.
[7] *Id.* at 1–2.
[8] *Id.* at 1.
[9] R. Doc. No. 58.
[10] R. Doc. No. 58-1.
[11] An April 27, 2020 medical examination of Vedros found that there was "[n]o chest wall tenderness, rales, wheezing, [or] rhonchi" in his lungs.

reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction. *See United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (Sullivan, J.) ("[S]ection 3582(c)'s exhaustion proscription . . . mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully

exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 2:16-CR-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020); *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

### III.

Although Vedros asserts that he submitted a request to the warden of FCI Oakdale on March 19, 2020, he did not provide any documentation in support of his claim. Moreover, BOP has affirmed that no such request was received.[12] Vedros's motion is not properly before this Court because he has not demonstrated that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since

---

[12] *See* R. Doc. No. 58-1.

the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A).

## IV.

Accordingly,

**IT IS ORDERED** that Vedros's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 1, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**